UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                    CASE NO.  8:02-cr-137-T-23AAS
                                                                      8:16-cv-1768-T-23AAS
DAN C. McCARTHAN

_____/


# O R D E R

McCarthan moves under 28 U.S.C. § 2255 (Doc. 1) to vacate his sentence and challenges the validity of his 211-month sentence under the Armed Career Criminal Act ("ACCA"), which sentence was imposed based on his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  After a jury was selected, McCarthan pleaded guilty without the benefit of a plea agreement.[1] McCarthan's earlier motion to vacate was denied and both the district court and the circuit court declined to issue a certificate of appealability.  (Docs. 18 and 24 in 8:04-cv-1288-T-23MSS)

Eleven years later the circuit court authorized McCarthan's filing of a second or successive motion to vacate based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), as applied retroactively by *Welch v. United States*, 136 S. Ct. 1257 (2016). (Doc. 4)  As with any entitlement to relief under Section 2255, McCarthan bears a

_____

[1] McCarthan pleaded guilty before and was sentenced by District Judge William J. Castagna, now inactive.

heavy burden of proof to show entitlement to relief for a *Johnson* claim. As *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017), explains:

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

McCarthan fails to meet his burden because he has three qualifying convictions "that could have qualified . . . as a serious drug offense."

McCarthan erroneously contends that he lacks the required three convictions and, as a consequence, contests his eligibility for a sentence as an armed career criminal. McCarthan's indictment (Doc. 1 in 02-cr-137) charged that he both possessed a firearm that was shipped in interstate commerce and had three convictions: possession of cocaine with the intent to sell or deliver, escape, and murder in the third degree. ACCA increases a defendant's prison term to a minimum of fifteen years and a maximum of life if the defendant has three or more convictions for either a "serious drug offense" or a "violent felony" (or a combination of the two types of felonies). ACCA defines "violent felony" under 18 U.S.C. § 924(e)(2)(B) as follows (italics added):

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that —

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

The italized provision is called the "residual clause." *Johnson* holds that the residual clause is unconstitutional. The parties agree that McCarthan's convictions for escape and murder in the third degree supported a sentence under ACCA's residual clause but no longer support a sentence under ACCA without the residual clause. As a consequence, McCarthan no longer qualifies for a sentence under ACCA based on the convictions for escape and murder in the third degree. The question remaining is whether McCarthan's present ACCA sentence is supported by his convictions for a "serious drug offense."

During the change of plea hearing McCarthan accepted as true the United States' representation that he "had been previously convicted of crimes which are punishable by a term of imprisonment exceeding one year" and recited the three convictions listed in the indictment, including a conviction for "possession of cocaine with intent to sell or deliver . . . in Hillsborough County . . . ." (Doc. 66 at 12–13 in 02-cr-137) In addition to the convictions listed in the indictment, the pre-sentence investigation report ("PSI") identified two more convictions involving a "serious drug offense," specifically, Georgia convictions for possession with the intent to deliver cocaine. McCarthan asserted no challenge to the convictions identified in the

PSI. The failure to challenge the PSI waives the right to challenge each conviction. *United States v. Davis*, 587 F.3d 1300, 1303–04 (11th Cir. 2009) (The defendant "was deemed to have admitted, for sentencing purposes, the facts in the PSI he did not object to clearly and specifically at sentencing."); *Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006) ("Bennett failed to object to the facts of his prior convictions as contained in his PSI and addendum to the PSI despite several opportunities to do so; thus, he is deemed to have admitted those facts."); *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes").

In granting McCarthan leave to file a second or successive motion under *Johnson*, the circuit court explains (Doc. 4 at 5–6) that the PSI fails to clearly show that both of the Georgia convictions qualify under *Johnson* because the PSI identifies the convictions as having occurred on the same day and not necessarily separate crimes, as required under ACCA:

> At the time of his sentencing, McCarthan had, *inter alia*, prior Florida convictions for (1) possession of cocaine with intent to sell or deliver, in 1987; (2) escape, in 1992; and (3) third-degree murder, in 1995; and prior Georgia convictions for (4) possession of cocaine with intent to distribute, in 1988; and (5) possession of cocaine with intent to distribute, in 1988. McCarthan's Florida conviction for possession of cocaine with intent to sell or deliver clearly qualifies as a "serious drug offense" under the ACCA because the offense involves distribution of a controlled substance and has a maximum imprisonment term of ten years or more. *See* 18 U.S.C. § 924(e)(2)(A)(ii); Fla. Stat. §§ 893.13(l)(a)l, 893.03(2)(a)4, 775.082(3)(d). Regarding McCarthan's Georgia convictions for possession of cocaine with intent to distribute, that Georgia

offense clearly qualifies as a serious drug offense under the ACCA because it involves distribution of a controlled substance and has a maximum imprisonment term of ten years or more. *See* 18 U.S.C. § 924(e)(2)(A)(ii); O.C.G.A. §§ 16-13-30(b), (d), 16-13-26(1)(0). However, it is not clear that McCarthan's Georgia convictions should be counted as two offenses for ACCA enhancement purposes. McCarthan committed the offenses on the same day, suggesting that the offenses might have been committed on the same occasion and should therefore count as one offense for ACCA purposes. See 18 U.S.C. § 924(e)(l) (providing that offenses may qualify as predicate felonies under the ACCA only if they were "committed on occasions different from one another"). Conversely, McCarthan was arrested and sentenced for the offenses on separate days, and, without objection from McCarthan, the presentence investigation report ("PSI") and the district court assessed McCarthan criminal history points for each conviction. Under the 2002 Sentencing Guidelines, which were in effect at the time of McCarthan's sentencing in June 2003, prior convictions were considered related if they resulted from offenses that, *inter alia*, occurred on the same occasion or were part of a single common scheme or plan. U.S.S.G. § 4Al.2 cmt. (n.3) (2002). Thus, McCarthan may have implicitly admitted, and the sentencing court may have implicitly found, that the offenses did not occur on the same occasion, suggesting that the offenses should be counted as two separate offenses for ACCA purposes. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (stating that a failure to object to "allegations of fact" in a PSI admits those facts for sentencing purposes). However, as it is not "undeniably clear" that the offenses are two separate offenses for ACCA purposes, McCarthan has made a sufficient prima facie case to proceed further in the district court. *See In re Rogers*, manuscript op. at 5.

As the circuit court recognizes, the fact that determines the validity of McCarthan's present ACCA sentence is whether the Georgia convictions (1) occurred on the same occasion and, as a consequence, count as a single conviction under ACCA or (2) occurred on separate occasions and, as a consequence, count as separate convictions under ACCA. Each crime from a "separate and distinct criminal

episode" qualifies as a conviction for a sentence under ACCA, as explained in *United States v. Broomfield*, 591 F. App'x 847, 852–53 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1726 (2015):

> A defendant is subject to the ACCA, and to the offense-level increase in U.S.S.G. § 4B1.4, if he has three qualifying prior convictions for crimes "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(a). To be considered different occasions, the crimes must be "temporally distinct" and arise from "separate and distinct criminal episode[s]." *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (internal quotation marks omitted).

*See also United States v. Rollins*, 518 F. App'x 632, 636 (11th Cir. 2013) ("After Rollins committed the first robbery against the first victim and drove away, he had successfully completed one crime and, thus, he necessarily made the conscious decision to commit the second robbery. Because the two robberies were committed successively, rather than simultaneously, they could be considered distinct for purposes of the ACCA.") (citation omitted). As a consequence, McCarthan's ACCA sentence is supported by the requisite three convictions only if, in addition to the one serious drug offense from Hillsborough County, Florida, each of the two Georgia convictions count as a serious drug offense.

Because neither the sentencing judge nor the defense nor the prosecution recognized the apparent typographical error regarding the date of the underlying offenses for the Georgia convictions, the circuit court correctly observes that "McCarthan may have implicitly admitted, and the sentencing court may have implicitly found, that the offenses did not occur on the same occasion, suggesting

that the offenses should be counted as two separate offenses for ACCA purposes." In granting McCarthan leave to file another motion to vacate, the circuit court effectively directed the district court to determine whether the Georgia convictions qualify as two qualifying convictions under ACCA. As *Rose v. United States*, 738 F. App'x 617, 631–32 (11th Cir. 2018), explains, the United States may rely upon the Georgia convictions to support McCarthan's ACCA sentence:

> Mr. Rose argues: (1) that at sentencing the government never relied upon (or even mentioned) Mr. Rose's 1976 Pennsylvania robbery conviction to support his ACCA enhancement; and (2) thus, the government should now be prohibited from using that Pennsylvania robbery conviction to justify Mr. Rose's ACCA sentence. . . . For the reasons explained below, we disagree with Mr. Rose. The government has not waived and is not prohibited from now relying on his other felony convictions — such as Mr. Rose's 1976 Pennsylvania robbery conviction — as the third ACCA predicate. . . . "[T]here is binding precedent in this Circuit (predating *Canty*)[2] where we have squarely permitted the government to present evidence at resentencing even though it amounted to giving the party 'a second bite at the apple.'" [*United States v. Martinez*, 606 F.3d 1303] 1304–05 [(11th Cir. 2010)].
>
> . . . .
>
> [I]n this case there are powerful reasons to allow the government on remand to present additional evidence of other convictions. One alone suffices. Mr. Rose never raised at sentencing or on direct appeal either of the two claims here, to wit: that his aggravated battery conviction was on a pregnant woman and thus did not involve sufficient violent force to qualify under the elements clause or that the residual clause was void for vagueness. If as to procedural default Mr. Rose had no way to anticipate

---

[2] *United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009).

> *Johnson*'s invalidation of the residual clause in the ACCA,
> then the government equally did not either. The
> government was not required to put in exhibits of all of a
> defendant's violent felony convictions in anticipation of
> *Johnson*.

The United States provides the necessary exhibits to prove McCarthan's other qualifying convictions. A review of the underlying documents for the two Georgia convictions proves that the circuit court's confusion was caused by a typographical error in the PSI. Paragraph 33 in the PSI describes the conviction in Fulton County, Georgia, case number A-98100, as follows:

> According to court records, on March 11, 1988, the defendant
> was arrested under the name of Timmy Randolph. He was
> represented by counsel. On March 9, 1988, the defendant
> possessed cocaine with the intent to distribute the substance.

Other than the date of arrest, Paragraph 34 uses exactly the same words to describe another conviction in Fulton County, Georgia, case number A-99748, as follows:

> According to court records, on April 17, 1988, the defendant
> was arrested under the name of Timmy Randolph. He was
> represented by counsel. On March 9, 1988, the defendant
> possessed cocaine with the intent to distribute the substance.

The United States provides underlying state court records (indictment and judgment) to show that March 9, 1988, is the correct date of offense for the conviction described in paragraph 33, but that April 16, 1988, is the correct date of offense for the conviction described in paragraph 34. (Doc. 13-1 at 4 and 7) Both Georgia convictions were properly scored with criminal history points — which, as the circuit court observed, implies that the convictions were separate — and both qualify as a

conviction under ACCA. Each of McCarthan's crimes is "temporally distinct" because each is based on a serious drug offense that occurred on a separate day. As a consequence, McCarthan's present ACCA sentence is supported by three qualifying convictions: a conviction for one serious drug offense from Florida and convictions for two serious drug offenses from Georgia. McCarthan's challenge to the sufficiency of the qualifying convictions lacks merit.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against McCarthan, must close this case, and must enter a copy of this order in the criminal action.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

McCarthan is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, McCarthan must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural

issues, McCarthan is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  McCarthan must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on January 24, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE